IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN E. JONES, | ) | |
| | ) | 4:06cv3051 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TERRY L. BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the following pending motions: (1) filing no. 21, the Objection to Extension of Time filed by the plaintiff, Marlin E. Jones; (2) filing no. 22, the plaintiff's Motion for sanctions and Request for Summary Judgment; (3) filing no. 24, the Resistance to Plaintiff's Motion for Sanctions, Resistance to Motion for Summary Judgment and Request for Sanctions against Plaintiff, filed by the defendant, Terry L. Burns; (4) filing no. 33, the plaintiff's Request for Leave to File Amended Complaint; (5) filing no. 35, a document improperly filed by the plaintiff in which he has sent some sort of objection to counsel for the defendant about an interrogatory; (6) filing no. 36, the plaintiff's Motion for Extension of Time; (7) filing no. 39, the plaintiff's Motion for Appointment of Counsel; (8) filing no. 40, the defendant's Resistance to Plaintiff's Motion for Appointment of Counsel and (part 2) defendant's Motion for Sanctions; (9) filing no. 42, the defendant's second Resistance to Plaintiff's Motion for Appointment of Counsel and (part 2) defendant's Motion for Sanctions; and (10) filing no. 43, the plaintiff's Objection to Resistance.  In filing no. 8, the parties have consented to the jurisdiction of the undersigned Magistrate Judge for all purposes up to and including the entry of judgment.

    As a preliminary matter, no sanctions will be imposed on either party at this time, and the parties are directed to cooperate with each other.  Sanctions remain a possibility in this case if the maneuvering and gamesmanship exhibited to date continue to delay the progress of this litigation.  At this time, however, insofar as sanctions are requested in filing nos. 22, 24, 40, 42 and anywhere else, such motions for sanctions are denied.

    In his complaint, the plaintiff asserts one claim of libel under Nebraska law against the defendant. Subject matter jurisdiction is based on 28 U.S.C. § 1332 (diversity of citizenship).  The libel allegedly occurred in a letter (filing no. 32 at 10-11) dated December 9, 2005, from the defendant as Vice-President of Midstates Development Inc. ("MDI"), a property management company, to Andrew Dandridge, Project Manager, U.S. Department of Housing & Urban Development ("HUD") in Omaha, Nebraska.

    The plaintiff had written to U.S. Senator Chuck Hagel seeking assistance regarding

HUD's refusal to investigate the plaintiff's eviction from Platteview Apartments, a low-income apartment complex in North Platte, Nebraska, in which HUD subsidizes rentals, and MDI manages the property. Senator Hagel sought information from the Regional Director of HUD in Kansas City (Marcie Houston), and the inquiries were passed along through the Omaha office of HUD to the defendant. In his letter to Omaha HUD Project Manager Dandridge, the defendant made some uncomplimentary statements about the plaintiff's conduct as a former tenant of Platteview Apartments. The defendant's comments were apparently conveyed from Dandridge to Houston and eventually in some form to Senator Hagel's staff.

Meanwhile, in a separate legal action, the plaintiff had already sued the persons responsible for evicting him from Platteview Apartments. Therefore, the only damage the plaintiff claims to have suffered in connection with the defendant's alleged libel involve a perceived impairment of his rapport with Senator Hagel and of his relationship with HUD (filing no. 1 at 4). For the impaired relationship and rapport, as well as mental anguish, the plaintiff seeks $1,000,000 from the defendant.

In filing no. 33, the plaintiff moves to amend his complaint, specifically ¶ 6, to identify the specific sentences in the defendant's letter (filing no. 32 at 10-11) which the plaintiff considers false and libelous. Because filing no. 33 does not add any new claim or party to this action but merely clarifies the plaintiff's original libel claim, the amendment is granted. The operative complaint in this action is now filing no. 1, as amended and supplemented by filing no. 33.

In filing no. 21, the plaintiff objects to an extension of time requested by the defendant to file a Rule 26 Report of the parties' planning conference. Filing no. 21 is denied as moot, because the court previously granted the extension of time in filing no. 23. In fact, the court granted an extension for the Rule 26 report in filing no. 16 at the plaintiff's request, over the defendant's objection; the court granted another extension in filing no. 18 at the plaintiff's request; and, as stated, the court granted a third extension in filing no. 23, at the defendant's request, over the plaintiff's objection. Finally, the parties filed their Rule 26 Report (filing no. 30).

The defendant filed his Rule 26(a)(1) initial disclosures (filing no. 37) in accordance with the court's Order Setting Schedule for Initial Progression of a Civil Case (filing no. 31). However, in filing no. 36, the plaintiff moves for an extension of time in which to do so. The plaintiff contends that he cannot comply with the Progression Order without the assistance of counsel. However, filing no. 39, the plaintiff's Motion for Appointment of Counsel, is denied. In <u>Davis v. Scott</u>, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) See

also Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).

There is no constitutional right to counsel in civil cases. The plaintiff's claim in this case involves information readily available to him.  As there is no basis on which an appointed attorney could be paid in this case, and the plaintiff is representing himself quite adequately, and because the plaintiff should not be rewarded for any failure to work with opposing counsel, file Rule 26(a)(1) initial disclosures and cooperate in the preparation of a Rule 26 report, filing no. 39 is denied.[1]  As for filing no. 36, the plaintiff shall have fifteen (15) days from the date of this Memorandum and Order to file his initial disclosures in compliance with the Progression Order and Fed. R. Civ. P. 26(a)(1).  To that limited extent, filing no. 36 is granted.

THEREFORE, IT IS ORDERED:

1.That all motions for sanctions in the form of summary judgment or otherwise are denied (filing nos. 22, 24, 40, 42);

2.That all Objections are denied as moot (filing nos. 21, 40, 42, 43);

3.That filing no. 33, the plaintiff's Request for Leave to File Amended Complaint, is granted, and the operative complaint in this action is now filing no. 1, as amended and supplemented by filing no. 33;

4.That filing no. 35 is a document which should not have been filed with the court and is therefore denied;

5.That filing no. 36, the plaintiff's Motion for Extension of Time, is granted insofar as the plaintiff shall have fifteen (15) days from the date of this Memorandum and Order to file his initial disclosures in compliance with the Progression Order and Fed. R. Civ. P. 26(a)(1); and

6.That filing no. 39, the plaintiff's Motion for Appointment of Counsel, is denied.

DATED this 27th day of December, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

---

[1]Filing nos. 40, 42 and 43 are denied as moot.