**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MARLIN E. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **4:06CV3051** |
| **vs.** | ) | |
| | ) | **CORRECTED ORDER** |
| **TERRY L. BURNS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on plaintiff's Motion [52] to deem his requests for admissions admitted, the defendant's response to the motion [54], and plaintiff's Objection in reply [55]. The plaintiff also moves the court to rescind its order allowing defense counsel's admission *pro hac vice* [50].

The record shows that plaintiff served defendant with requests for admissions by certified mail. Under Fed. R. Civ. P. 36(a), such requests are deemed admitted "unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection[.]" Rule 6(e) of the Federal Rules of Civil Procedure provides: "Whenever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire[.]"

Under Fed. R. Civ. P. 5(b)(2)(B), "Service by mail is complete on mailing." The date of receipt is irrelevant. Unfortunately, neither party has filed any certificate of service memorializing the dates upon which the requests for admissions or responses thereto were

served.[1] Although the plaintiff states in the motion that his requests for admissions were "dated" June 11, 2007, he provided no information as to when the requests were mailed, i.e., "served." The defendant does state in Filing 54 that he received the requests on June 13, 2007 and his responses were placed in the mail on July 13, 2007.

Assuming that plaintiff mailed/served his requests for admissions on June 11, 2007, the defendant was required to serve/mail his responses by July 16, 2007 pursuant to Rules 36(a) and 6(a) & (e) of the Federal Rules of Civil Procedure. Defendant served the responses earlier, on July 13, 2007 by placing them in the mail. The plaintiff admits that he actually received defendant's responses on July 16, 2007. Consequently, the plaintiff's responsive Objection [55] is entirely without merit.

The court is fully aware that the plaintiff is proceeding without counsel and that counsel will not be appointed in this case; nevertheless, the records of the court show that plaintiff has been involved in several lawsuits and is quite familiar with court proceedings.

The plaintiff is cautioned that, in this court, all litigants who are proceeding pro se are bound by and must comply with the local rules and procedures of this court and the Federal Rules of Civil Procedure. *See* NEGenR 1.3(g). Furthermore, in Filing [44] (Order

---

[1]Paragraph 2 of the initial case progression order [31] provides that the filing of discovery documents shall be governed by NECivR 26.1 which, in turn, provides: "(a) When serving disclosures ... the disclosing party shall file with the court a certificate of service." Thus, when the parties serve discovery requests, they are required to file a certificate of service to that effect. However, failure to file a certificate of service does not invalidate the service. See, e.g., Fed. R. Civ. P. 4(l). **In the future, the parties must file certificates of service whenever they serve discovery requests or responses to discovery requests.** The parties' depositions, interrogatories, answers and objections to interrogatories, requests for admissions, answers and objections to requests for admissions, requests to produce or inspect, and responses to requests to produce or inspect "shall **not** be filed until they are needed for trial or resolution of a motion or on order of the court." NECivR 5.5(a) (emphasis added).

dated December 27, 2006), the plaintiff was cautioned: "Sanctions remain a possibility in this case if the maneuvering and gamesmanship exhibited to date continue to delay the progress of this litigation."

Rule 11 of the Federal Rules of Civil Procedure, which fully applies to parties who are not represented by an attorney, provides:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Here, the plaintiff was put on notice via the defendant's response that his contention of untimeliness was completely without merit. Instead of acting reasonably and withdrawing his motion, the plaintiff persisted in filing an objection that was not even remotely warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

In light of the court's prior warning that sanctions could be imposed in response to any further "maneuvering and gamesmanship," the court finds find that the plaintiff should

be required to show cause why sanctions should not be imposed against him pursuant to Fed. R. Civ. P. 37(a)(4)(B).[2]

**IT IS ORDERED:**

1. Plaintiff's Motion [52] to deem his requests for admissions admitted is denied.

2. Plaintiff's Objection [55] is overruled.

3. The plaintiff is given until and including **August 15, 2007** to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in defending plaintiff's motion to deem the requests for admissions admitted.

4. Plaintiff's Motion to rescind the order regarding allowing defense counsel's admission pro hac vice [50] is summarily denied. The filing of future motions of this nature **will** result in the imposition of sanctions.

**DATED July 25, 2007.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

---

[2]Rule 37(a)(4)(B) provides that if a discovery motion is denied, the court "shall, after affording an opportunity to be heard, require the moving party ... to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."