IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN E. JONES, )<br>)<br>    Plaintiff, )<br>)     4:06cv3051<br>    vs. )<br>)     ORDER<br>TERRY L. BURNS, )<br>)<br>    Defendant. ) | |

This matter is before the magistrate judge pursuant to the Mandate issued June 3, 2009 by the Eight Circuit Court of Appeals.

**NATURE OF THE DISPUTE**

In his complaint, filed March 7, 2006, the pro se plaintiff asserted one claim of libel under Nebraska law against the defendant, Terry L. Burns. The libel allegedly occurred in a letter (Filing No. 70 -5) dated December 9, 2005, from Burns as Vice-President of Midstates Development, Inc. to Andrew Dandridge, Project Manager, U.S. Department of Housing & Urban Development ("HUD") in Omaha, Nebraska. Plaintiff had written to U.S. Senator Chuck Hagel seeking assistance regarding HUD's refusal to investigate the plaintiff's eviction from Platteview Apartments. Senator Hagel then sought information from HUD Regional Director Macie Houston, and the inquiries were passed along through the Omaha office of HUD to defendant Burns.

In his response to Omaha HUD Project Manager Dandridge, Burns advised that plaintiff moved into Platteview Apartments in November 2002 and was repeatedly cited for failing to properly maintain a sanitary unit. The situation "came to a head" in June 2004, "when subcontractors, who had been hired to replace the vanities and medicine cabinets in all units as a part of the project's renovation, refused to work in his unit due to the odor and unsanitary condition of the bathroom." Plaintiff's lease was terminated, and plaintiff vacated the unit on August 31, 2004, pursuant to a court-approved negotiated settlement which his attorney requested in order to avoid an eviction.

Burns' letter to Dandridge described plaintiff as "a vengeful ex-tenant who has sued so many people that he now knows enough to act as his own attorney and thus at little or no expense on his part can continue to bring charges in an attempt to extort money." These comments were allegedly conveyed from Dandridge to Houston and eventually in some form to Senator Hagel's staff.

In this action, the plaintiff sought a $1 million judgment against the defendant, based on a single state law claim for libel. The only damage the plaintiff claims to have suffered in connection with Burns' alleged libel involve a perceived impairment of his "rapport" with Senator Hagel and of his relationship with HUD (Filing No. 1 at p.4).

After closely examining the entire record on summary judgment, this court, *sua sponte*, dismissed the action for lack of subject matter jurisdiction because it appeared to a legal certainty that plaintiff's claim is really for less than the jurisdictional amount of $75,000.

The Eighth Circuit Court of Appeals, however, disagreed and has remanded the case for further proceedings, as follows:

> Although Jones cannot receive punitive damages, *see Braesch v. Union Ins. Co.*, 464 N.W.2d 769, 777 (Neb. 1991) (punitive damages are not allowed in Nebraska), disapproved of on other grounds, *Wortman v. Unger*, 578 N.W.2d 413 (1998), he can seek special damages, as well as damages for harm to his reputation and mental suffering, *see McCune v. Neitzel*, 457 N.W.2d 803, 811 (Neb. 1990) (listing damages that can be recovered in defamation action). Much of the information in the record concerns the related matter of Jones's eviction, but Jones alleged that the letter at issue caused him mental anguish, injured his good name and reputation, and damaged his relationship with the Department of Housing and Urban Development and with a senator whom he had contacted for help. He also submitted letters from his treating mental-health professionals in which they indicated that his depression had been exacerbated by the allegedly false statements in the letter, which, among other things, accused him of extortion.
>
> We express no opinion on whether Jones will be able to recover more than $75,000 in damages, but we cannot say at this point in the litigation that it appears to a legal certainty that Jones cannot recover more than $75,000*, see McCune*, 457 N.W.2d at 811 (due to interests involved in defamation action and difficulty of proof, amount of damages is almost entirely in jury's[1] discretion), particularly where he was

---

[1]The case at bar is not a jury case.

not given the opportunity to present evidence related to damages, *cf. James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (noting that if court questions whether amount alleged is legitimate, party invoking federal jurisdiction must prove requisite amount by preponderance of evidence).

*Jones v. Burns*, 2009 WL 1288864 at *1, No. 07-3417 (8th Cir., May 12, 2009).

## MATTERS PENDING

### A. Motions

The court previously determined that the operative complaint in this action is Filing No. 1, as amended and supplemented by Filing No. 33. *See* Filing No. 44, Order of December 27, 2006. Neither party ever requested a jury trial before the case was appealed.

Following the Eighth Circuit's May 12, 2009 ruling, however, the plaintiff immediately filed a motion for jury trial (Filing No. 91) and sought leave to add parties to the lawsuit (Filing No. 95). The defendant's objections to these requests are sustained.

Under Fed. R. Civ. P. 38, a party must serve the other parties with a written demand for jury trial no later than 10 days after the last pleading directed to the issue is served. That deadline expired long ago. Nothing prevented the plaintiff from requesting a jury trial when he filed this case, or within 10 days of December 27, 2006 (when he was given leave to amend the complaint). The Eighth Circuit's parenthetical comment does not require this court to allow plaintiff leave to file an untimely jury demand, and the defendant's objection is granted.

Although Fed. R. Civ. P. 16(a)(2) provides that the court should freely give leave to amend the pleadings "when justice so requires," the court may refuse to grant leave to amend a pleading "where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). The plaintiff was previously allowed to amend his complaint. Discovery closed on July 19, 2007. *See*

Filing No. 46. Allowing more amendments to the complaint nearly two years after the close of discovery would cause undue delay and would unfairly prejudice the defense.

### B. Other Matters

The plaintiff, who is proceeding without the assistance of counsel, has been sending *ex parte* communications to the court by mail[2] and by fax.[3] The plaintiff is advised that he must communicate with the court in writing, by filing his written communications with the Clerk of the Court, and serve a copy of each written communication on defense counsel. Each such communication filed with the court must include a certificate of service showing that the plaintiff has served a copy of the document on opposing counsel and the date and manner of service. The plaintiff is further advised that he may not send any communications directly to chambers, either by fax or by mail. All written filings or communications must be sent to the Clerk of the Court at the following address:

> Clerk of the United States District Court
> 111 South 18th Plaza
> Suite 1152
> Omaha, NE 68102

### ORDER

As discussed above,

**IT IS ORDERED:**

1. Plaintiff's Motion for Jury Trial [91] is denied. Defendants' Objection thereto [92] is granted.

2. Plaintiff's Motion for leave to include additional defendants [95] is denied. Defendants' Objection thereto [97] is granted.

3. Plaintiff's Objections [96] and [99] to the defendant's objections are denied.

---

[2] The plaintiff has addressed his recent writings to my chambers address, although the Clerk of the Court's name is on the envelope.

[3] This court does not accept official filings by fax. *See* NECivR 5.0.1(d).

      4.  Plaintiff is ordered to cease *ex parte* communications with the chambers of the undersigned.  The plaintiff shall mail all of his written filings and communications to the Clerk of the Court at the following address:

>Clerk of the United States District Court
>111 South 18th Plaza
>Suite 1152
>Omaha, NE 68102

Each such filing or communication with the court must include a certificate of service showing that the plaintiff has served a copy of the document on opposing counsel and the date and manner of service.

      5.   This case is set for a telephonic status conference on the record, to be held on Monday, June 22, 2009 at 10:00 AM.  Defense counsel shall initiate the conference call to the plaintiff and to the court at 402-661-7340.

      6.   The Clerk shall mail a copy of this order to the plaintiff at his last known address.

**DATED June 9, 2009.**

                              **BY THE COURT:**

                              s/ F.A. Gossett
                              **United States Magistrate Judge**