# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARLIN E. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:06cv3051 |
| vs. ) | |
| ) | MEMORANDUM |
| TERRY L. BURNS, ) | AND ORDER |
| ) | |
| Defendant. ) | |

This matter is before the magistrate judge pursuant to the Mandate issued June 3, 2009 by the Eighth Circuit Court of Appeals.

On Tuesday, October 20, 2009 at 9:00 a.m., the case was called for trial and oral argument on the parties' remaining motions. The defendant was present in court with counsel and one witness and was ready to proceed to trial. The plaintiff failed to appear by 9:15 a.m., at which time the record was opened and plaintiff's failure to appear was noted on the record. Motions Nos. 113, 125 and 132 were denied for the reasons stated on the record. Motion No. 121 was taken under advisement, together with the defendant's oral motion to dismiss the case due to plaintiff's failure to appear for trial.

## DISCUSSION

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed on the defendant's motion, or *sua sponte*, if the plaintiff fails to prosecute or to comply with a court order or the Federal Rules of Civil Procedure. *See DuBose v. State of Minnesota*, 893 F.2d 169, 171 (8th Cir. 1990) (court did not abuse its discretion in

dismissing Title VII case where the *pro se* plaintiff "was attempting to 'play games' with the court," failed to comply with various pretrial orders, failed to appear for the final pretrial conference, and failed to appear for trial even though he had been informed of the trial date on three occasions).

In this case, the plaintiff, who is proceeding without the assistance of counsel, participated in a telephonic status conference on the record on June 22, 2009. The court has reviewed the recording of the status conference (Filing 104). On June 22, the plaintiff agreed that a trial date should be set, but stated that he might file additional motions depending on the Eighth Circuit's resolution of his motion filed in that court for clarification of its May 12, 2009 written decision.[1] Plaintiff stated that he was indigent; however, his comments in this regard demonstrated that he was well aware that the U.S. Marshal was available to serve trial subpoenas *in forma pauperis*.[2] Plaintiff stated on the record that he was available and would personally attend the final pretrial conference, which was set for October 6, 2009 at 1:30 p.m. in Omaha. He was advised that discovery was closed and that he should finalize his witness and exhibit lists for inclusion in the final pretrial order. Plaintiff was specifically instructed that he must coordinate with opposing counsel in

---

[1] Apparently in response to this court's Order of June 9, 2009 denying his motion for jury trial, plaintiff sought clarification from the Eighth Circuit as to whether he was entitled to demand a jury trial after remand.

[2] The plaintiff did not make any requests for issuance of trial subpoenas, *in forma pauperis* or otherwise.

preparing the final pretrial order. Plaintiff also advised the court that he had no conflicts with a trial date of October 20, 2009.

Plaintiff's motion for clarification was denied by the Eighth Circuit on July 1, 2009 in *Jones v. Burns*, Case No. 07-3417. On August 12, 2009, plaintiff filed a revised witness list (Filing 110) including 21 individuals and a revised exhibit list (Filing 109) including 37 items.

On September 21, 2009, the plaintiff filed a "Notice" (Filing 114) advising the court and opposing counsel that he would appear for the pretrial conference as provided in the June 22, 2009 order. However, due to the number of witnesses involved and his professed need for legal advice, plaintiff advised that he would not be able to "participate in further proceedings without advice of counsel or appointment thereof." The next day, he filed a motion for change of venue, which was denied. On the afternoon of October 2, 2009, plaintiff filed a motion (Filing 117) to continue the final pretrial conference pending the resolution of his appeal of a state court case to the United States Supreme Court. The motion was denied.

Plaintiff failed to appear for the October 6, 2009 final pretrial conference, which was held on the record in the courtroom of the undersigned. The court was advised that the plaintiff failed or refused to confer with opposing counsel to prepare the final pretrial order.

After October 6, the plaintiff generated a series of motions, notices and correspondence (i.e., Doc. 133), in which he expressed his displeasure with the court's

rulings and generally announced that he intended to appeal the court's rulings to the Eighth Circuit and would not participate further in this case unless the court appointed counsel for him.

The court finds that the plaintiff, Marlin E. Jones, has willfully failed to comply with the orders of this court and has willfully failed to prosecute the case. Specifically, the plaintiff willfully and intentionally failed to assist in preparing the final pretrial order, failed to attend the final pretrial conference on October 6, 2009, and failed to appear for trial on October 20, 2009.

For these reasons, the court finds that the defendant's oral motion for dismissal should be granted, that this case should be dismissed with prejudice, and that defendant's motion to strike plaintiff's expert witnesses (Doc. 121) should be denied as moot.

**IT IS ORDERED:**

1.  Defendant's oral motion for dismissal is granted, and this case is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

2.  Defendant's Motion to strike plaintiff's expert witnesses (Doc. 121) is denied as moot.

**DATED October 20, 2009.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**